UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE J. YOUNG,

       Plaintiff,                   CIVIL ACTION NO. 08-14475

      v.                            DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF          MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. 18)**

This is a Social Security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying Plaintiff's claims for disability benefits. On November 3, 2009, the undersigned issued a Report & Recommendation (Dkt. 15), which recommended that: 1) Defendant's motion for summary judgment be denied; 2) Plaintiff's motion for summary judgment be granted; and 3) that this matter be remanded for further proceedings. Defendant did not file any objections to the November 3, 2009 Report & Recommendation. Accordingly, on December 2, 2009, the Court issued an Order adopting the Report & Recommendation (Dkt. 16) and also entered a Judgment (Dkt. 17) remanding the matter to the Commissioner for further administrative proceedings.

On February 1, 2010, Plaintiff filed a motion requesting an award of $2,682.50 in attorney's fees and $350 in costs (for a total of $3,032.50) pursuant to the Equal Access to Justice Act (EAJA),

28 U.S.C. § 2412. (Dkt. 18). The application for EAJA attorney's fees is before me pursuant to an order of reference issued by United States District Judge Sean F. Cox (Dkt. 19). Upon review, I recommend that Plaintiff's motion be granted in part and denied in part, and that Judgment be entered in Plaintiff's favor against Defendant in the amount of $2,662.50 ($2,312.50 [attorney's fees)] + $350 [filing fee]).[1]

## I. DISCUSSION

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997

---

[1] A Magistrate Judge may not hear and determine a post-judgment motion for fees, because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, I must proceed by Report & Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

WL 588831 at *1 (6th Cir., Sept.22, 1997); *see also, Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

The EAJA permits an award of <u>reasonable</u> attorney fees. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts regularly utilize the lodestar approach to calculating attorneys fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *E.g., Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour unless an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process, *see Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *Henley*, 461 U.S. at 433-34.

In this case, the undersigned finds that the Commissioner has not met its burden of showing that its position was substantially justified. After review of the record, the undersigned found that the decision of the ALJ did not give appropriate weight to Plaintiff's treating physicians and/or did not adequately explain why he departed from the diagnoses of those physicians, in particular the unequivocal opinion of Dr. Densley that Plaintiff's severe back condition precluded him from all work. Simply put, the ALJ did not set forth "good reasons" for discounting the opinions of Plaintiff's treating physicians. Therefore, the undersigned found that a remand was required so that the ALJ could, at a minimum, explain more fully why he rejected the opinions of Plaintiff's treating physicians. It is well established that an ALJ cannot simply disregard the clear opinions of

applicants' treating physicians, which is what happened in this case. It is noteworthy that Defendant failed to file any objections to the Report & Recommendation issued by the undersigned on November 3, 2009. As such, I find that Defendant's position was not "substantially justified" in this matter.

Turning now to the amount of fees requested by Plaintiff, the undersigned finds that, taken as a whole, the hours expended by Plaintiff's attorney were reasonable. While the case did not present novel or difficult issues, the hours expended are typical of such a routine case. *See Hayes v. Secretary of Health and Human Resources*, 923 F.2d 418, 420 (6th Cir.1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). The hours reported by Plaintiff's attorney (18.5 hrs) are below the low end of the Sixth Circuit's expected range. Although this case was routine in nature, the Court finds that the hours expended by Plaintiff's attorney were reasonable. Even routine cases are fact specific and attorneys are required to review the record, conduct research, and draft and edit documents. The 18.5 hours expended by Plaintiff's attorney are well within the expected range of such a case.

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir.1986). Plaintiff seeks to recover at a rate of $145 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the

applicants' treating physicians, which is what happened in this case. It is noteworthy that Defendant failed to file any objections to the Report & Recommendation issued by the undersigned on November 3, 2009. As such, I find that Defendant's position was not "substantially justified" in this matter.

Turning now to the amount of fees requested by Plaintiff, the undersigned finds that, taken as a whole, the hours expended by Plaintiff's attorney were reasonable. While the case did not present novel or difficult issues, the hours expended are typical of such a routine case. *See Hayes v. Secretary of Health and Human Resources*, 923 F.2d 418, 420 (6th Cir.1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). The hours reported by Plaintiff's attorney (18.5 hrs) are below the low end of the Sixth Circuit's expected range. Although this case was routine in nature, the Court finds that the hours expended by Plaintiff's attorney were reasonable. Even routine cases are fact specific and attorneys are required to review the record, conduct research, and draft and edit documents. The 18.5 hours expended by Plaintiff's attorney are well within the expected range of such a case.

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir.1986). Plaintiff seeks to recover at a rate of $145 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the

applicants' treating physicians, which is what happened in this case. It is noteworthy that Defendant failed to file any objections to the Report & Recommendation issued by the undersigned on November 3, 2009. As such, I find that Defendant's position was not "substantially justified" in this matter.

Turning now to the amount of fees requested by Plaintiff, the undersigned finds that, taken as a whole, the hours expended by Plaintiff's attorney were reasonable. While the case did not present novel or difficult issues, the hours expended are typical of such a routine case. *See Hayes v. Secretary of Health and Human Resources*, 923 F.2d 418, 420 (6th Cir.1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). The hours reported by Plaintiff's attorney (18.5 hrs) are below the low end of the Sixth Circuit's expected range. Although this case was routine in nature, the Court finds that the hours expended by Plaintiff's attorney were reasonable. Even routine cases are fact specific and attorneys are required to review the record, conduct research, and draft and edit documents. The 18.5 hours expended by Plaintiff's attorney are well within the expected range of such a case.

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir.1986). Plaintiff seeks to recover at a rate of $145 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the

statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); accord *Martin v. Commissioner*, 82 F. App'x 453, 456 (6th Cir. 2003) ("This Court [ ] finds that the rate of $125 per hour, as set by statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that he should be entitled to a higher rate."). The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec. Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992). I find that no adjustment above the statutory cap is warranted here. The maximum hourly rate provides adequate and appropriate compensation for the work performed in this matter by Plaintiff's attorney, and that no special factor warrants a rate in excess of $125 per hour. Multiplying the 18.5 hours reasonably expended by counsel and the $125 per hour rate results in a total of $2,312.50 for Plaintiff's attorney's fees.

Plaintiff also seeks recovery of his $350 filing fee. The EAJA provides that costs enumerated by 28 U.S.C. § 1920 may be awarded to the prevailing party, in addition to fees and other expenses. *See* 28 U.S.C. § 2412(a) and (d)(1)(A). Section 1920 permits taxing of "fees of the clerk." 28 U.S.C. § 1920(1). As such, the undersigned finds it appropriate to reimburse Plaintiff for his $350 filing fee.

Judgments are entered by the Court for or against the parties to a lawsuit, not the attorneys representing the parties. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Plaintiff is a prevailing party; his attorney is not. *See Gisbrecht v. Barnhart*, 535 U.S. at 796; *King v. Commissioner*, 230 F. App'x 476, 481 (6th Cir. 2007); *see also Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007) (The "statutory language clearly

provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees.") (collecting cases). As such, I recommend that the Judgment for EAJA attorney's fees be entered in Plaintiff's favor against Defendant.

## II. CONCLUSION

For the reasons set forth herein, I recommend that Plaintiff's motion for attorney's fees pursuant to the EAJA be granted in part and denied in part, and that Judgment be entered in Plaintiff's favor against Defendant in the amount of **$2,662.50** ($2,312.50 [attorney's fees)] + $350 [filing fee]).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

> S/Mark A. Randon
> MARK A. RANDON
> UNITED STATES MAGISTRATE JUDGE

Dated: May 5, 2010

## CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 5, 2010.*

> *S/Melody R. Miles*
> *Case Manager to Magistrate Judge Mark A. Randon*
> *(313) 234-5542*