UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Freddie Young,

        Plaintiff,

v.

Commissioner of Social
Security,

        Defendant.
_____/

Case No. 08-14475

Honorable Sean F. Cox

OPINION & ORDER ACCEPTING AND ADOPTING
MAY 5, 2010 REPORT & RECOMMENDATION

This matter is before the Court for consideration of Defendant's objections to a Report and Recommendation ("R&R") on Plaintiff Freddie Young's ("Young") Motion for Attorney Fees filed by Magistrate Judge Mark A. Randon on May 5, 2010. (Docket Entry No. 21). In his May 5, 2010 R&R, Magistrate Judge Randon recommends that the Court grant in part, and deny in part, Young's motion brought under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Magistrate Judge Randon recommends that the Court award Young a total of $2,662.50 in attorney fees and costs. For the reasons that follow, the Court **OVERRULES** the objections filed by the Commissioner and shall **ACCEPT** and **ADOPT** the May 5, 2010 R&R in its entirety.

BACKGROUND

Young brought this action on October 21, 2008, challenging a final decision of the Social Security Commissioner ("the Commissioner") denying his application for disability benefits under the Act.

1

The Administrative Law Judge ("ALJ") found that Young was not disabled. In making this finding:

> the ALJ rejected the opinions of Plaintiff's treating physicians (Drs. Densely and Rengachary) and found that "the evidence did not indicate that [Plaintiff's] condition would result in pain or severity to preclude him from nonexertional work, such as sedentary work." (Tr. at 19). In reaching this conclusion, the ALJ appeared to rely heavily on the fact that Plaintiff decided to avoid having back surgery, even though it had been recommended by his neurologist.

(November 3, 2009 R&R on Cross-Motions For Summary Judgment, Docket Entry No. 15 at 3). The parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Randon pursuant to 28 U.S.C. § 636(b).

On November 3, 2009, Magistrate Judge Randon issued a Report and Recommendation (Docket Entry No. 15), recommending that the Commissioner's motion for summary judgment be denied, that Young's motion be granted, and that the matter be remanded for further administrative proceedings. In that R&R, Magistrate Judge Randon concluded that the ALJ had not given "controlling weight" to the opinions of Young's treating physicians as required by 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2):

> After review of the record, I conclude that the decision of the ALJ did not give appropriate weight to Plaintiff's treating physicians and/or did not adequately explain why he departed from the diagnoses of those physicians, in particular the unequivocal opinion of Dr. Densley that Plaintiff's back condition precluded him from all work. Simply put, the ALJ did not set forth "good reasons" for discounting the opinions of Plaintiff's treating physicians. Therefore, a remand is required so that the ALJ can, at minimum, explain more fully why he rejected the opinions of Plaintiff's treating physicians.

(Docket Entry No. 15 at 13).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after

2

being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Neither Young nor the Commissioner filed any objections to Magistrate Judge Randon's November 3, 2009 R&R, and the Court accepted and adopted the November 3, 2009 R&R in its entirety. (Docket Entry No. 16).

On February 1, 2010, Young filed a motion for attorney fees (Docket Entry No. 18), seeking a total of $3,032.50 in attorney fees and court costs under the EAJA.

On May 5, 2010, Magistrate Judge Randon issued an R&R wherein he recommends that "Plaintiff's motion for attorney's fees pursuant to the EAJA be granted in part and denied in part, and that Judgment be entered in Plaintiff's favor against Defendant in the amount of $2,662.50 ($2,312.50 [attorney's fees] + $350 [filing fee])." (Docket Entry No. 21 at 6).

The Commissioner filed timely objections to the R&R on May 19, 2010. (Docket Entry No. 22).

ANALYSIS

In his Objections, the Commissioner states two objections to Magistrate Judge Randon's May 5, 2010 R&R.

First, the Commissioner asserts that Magistrate Judge Randon erred in finding that the Government had not met its burden of showing that its position was substantially justified. The Commissioner challenges the R&R's reference to the fact that the Commissioner did not file any objections to the November 3, 2009 R&R.

While Magistrate Judge Randon's May 5, 2010 R&R does state that it is "noteworthy"

3

that the Commissioner failed to file any objections to the November 3, 2009 R&R, a fair reading of his R&R reflects that the lack of objections was not the reason for his determination that the Commissioner's position was not substantially justified. The R&R correctly states the applicable standard and sets forth the reasons why he concluded that the Commissioner had not met his burden of showing that his position was substantially justified. (5/10/10 R&R at 3-4). Having reviewed the arguments advanced by the Commissioner, and Magistrate Judge Randon's reasons for finding that the Commissioner had not met his burden, the Court concurs with Magistrate Judge Randon's conclusion. Accordingly, an award is warranted.

Second, the Commissioner asserts that Magistrate Judge Randon erred by not responding to the Commissioner's specific objections to the amount of fees awarded. The Commissioner does not challenge the hourly rate of $125 awarded,[1] but asserts that a portion of the requested hours should be excluded. For example, the Commissioner contends that no hours should be awarded for time that counsel spent preparing a motion seeking an extension of time to file Plaintiff's brief. Having reviewed the Commissioner's objections to the amount of hours awarded, the Court finds the objections without merit as to this case. The Court concurs with Magistrate Judge Randon's conclusion that attorney's fees in the amount of $2,312.50 are reasonable in this action.

CONCLUSION & ORDER

Accordingly, IT IS ORDERED that the Court ACCEPTS and ADOPTS the May 5, 2010 R&R in its entirety, and AWARDS Plaintiff $2,662.50, representing $2,312.50 in attorney's fees

---

[1] The EAJA generally caps the hourly rate at $125. Although Plaintiff sought an upward adjustment, Magistrate Judge Randon declined that request.

4

and the $350.00 filing fee in this action.

       IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: November 4, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2010, by electronic and/or ordinary mail.

                                            S/Jennifer Hernandez
                                          Case Manager